UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CONNOLLY NORTH AMERICA, LLC,

    Debtor.
_____/

| | |
|---|---|
| BRUCE COMLY FRENCH, Chapter 7 Trustee for estate of Connolly North America, LLC, | Case No. 10-11333 |
|     Appellant, | Hon Gerald E. Rosen |
| v. | |
| | Bankr. Case No. 01-57090 |
| MARK H. SHAPIRO, *et al.*, | Chapter 7 |
| | Hon. Thomas J. Tucker |
|     Appellees. | |

_____/

| | |
|---|---|
| BRUCE COMLY FRENCH, Chapter 7 Trustee, *et al.*, | Case No. 10-11334 |
|     Appellants, | Hon Gerald E. Rosen |
| v. | |
| | Bankr. Case No. 01-57090 |
| MARK H. SHAPIRO, *et al.*, | Chapter 7 |
| | Hon. Thomas J. Tucker |
|     Appellees. | |

_____/

**OPINION AND ORDER
DISMISSING BANKRUPTCY APPEALS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     April 11, 2011    

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

In the two above-captioned appeals,[1] Appellant Bruce Comly French, the successor Chapter 7 trustee for the estate of Debtor Connolly North America, LLC, and the successor trustee's counsel, Appellants William H. Hannay, Jon C. Vigano, and Schiff Hardin LLP,[2] have challenged two Bankruptcy Court orders: (i) an order dismissing without prejudice an adversary complaint filed by trustee French, on the ground that this adversary complaint violated a Bankruptcy Court stay order that temporarily limited the claims the trustee was permitted to assert against former Chapter 7 trustee Mark H. Shapiro, and (ii) an order adjudging trustee French and his counsel in civil contempt for violating the Bankruptcy Court's stay order. For the reasons stated below, the Court finds that these two appeals must be dismissed, on the grounds (i) that the first appeal is now moot, with the Bankruptcy Court having lifted the stay that prevented trustee French from filing his adversary complaint, and (ii) that the Bankruptcy Court's order adjudging the trustee and his counsel in civil contempt is not a "final" order within the meaning of 28 U.S.C. § 158(a)(1).

First, it is quite clear that trustee French's challenge to the Bankruptcy Court's order dismissing his adversary complaint has been rendered moot by developments since French commenced this appeal. In dismissing this adversary complaint, the Bankruptcy Court relied upon two "stay orders" which, in combination, temporarily enjoined the

---

[1] These two cases were consolidated through an order entered on May 19, 2010.

[2] Counsel for the successor trustee are appellants only in the latter of the two above-captioned cases, Case No. 10-11334, and not in Case No. 10-11333.

trustee from filing any claims against former trustee Shapiro other than a specific breach of fiduciary duty claim identified in one of the Bankruptcy Court's orders.  This temporary injunction, in turn, was limited in duration to the period during which former trustee Shapiro's appeal challenging his removal as Chapter 7 trustee remained pending before this Court.  Shapiro's appeal was decided on November 22, 2010, and, as the Bankruptcy Court has recognized, (*see* Bankruptcy Court 12/23/2010 Op. at 1-2 & n.3), the stay imposed by the Bankruptcy Court was automatically lifted by virtue of this Court's November 22 ruling.

     Under these circumstances, there is no longer any need for this Court to decide whether the Bankruptcy Court erred in dismissing trustee French's adversary complaint.  This dismissal was without prejudice, leaving French free to re-file each of the dismissed claims once the Bankruptcy Court lifted its stay enjoining the trustee from asserting these claims.  As noted, this stay has now been lifted.  Accordingly, it does not matter whether the Bankruptcy Court acted properly in dismissing the trustee's claims, or whether the court erred in doing so.  In either event, the most favorable result that the trustee could possibly achieve before this Court would be a ruling confirming his right to file the claims at issue.  Yet, now that the Bankruptcy Court's stay has been lifted, there is no longer any legal obstacle preventing the trustee from filing these claims.  Because the Court is no longer in a position to provide any meaningful relief to the trustee, his appeal of the Bankruptcy Court's order dismissing his adversary complaint must be dismissed as moot.

This leaves only the challenge advanced by trustee French and his counsel to the Bankruptcy Court's March 19, 2010 order adjudging them in civil contempt for violating the court's two "stay orders." As the Sixth Circuit has recognized in a long line of cases, a judgment of civil contempt ordinarily is not a "final" order that may be immediately appealed prior to the entry of a final judgment concluding the litigation. *See, e.g., McAlpin v. Lexington 76 Auto Truck Stop, Inc.,* 229 F.3d 491, 500 (6th Cir. 2000); *Blaylock v. Cheker Oil Co.,* 547 F.2d 962, 965 (6th Cir. 1976); *In re Manufacturers Trading Corp.,* 194 F.2d 948, 955 (6th Cir. 1952); *Joy & Middlebelt Sunoco, Inc. v. Fusion Oil, Inc.,* No. 05-1563, 179 F. App'x 301, 303-04 (6th Cir. May 2, 2006); *Cousins v. Bray,* No. 04-3614, 137 F. App'x 755, 756-57 (6th Cir. May 13, 2005). Thus, French and his counsel may not pursue what is, in effect, an interlocutory appeal from Bankruptcy Court's civil contempt order.

Although there are exceptions to this general prohibition against immediate appeal of a civil contempt order, none is applicable here. First, while an order holding a non-party in civil contempt is immediately appealable, *see In re Manufacturers Trading Corp.,* 194 F.2d at 955, the Court readily concludes that trustee French qualifies as a party to the bankruptcy proceedings. Moreover, because the Bankruptcy Court imposed civil contempt sanctions that were payable jointly and severally by French **and his counsel,** the Court finds it appropriate for present purposes to view French and his attorneys alike as "parties," in light of the "practical considerations" that govern the inquiry whether an order is "final" and immediately appealable, *Starcher v. Correctional Medical Systems,*

*Inc.,* 144 F.3d 418, 424 (6th Cir. 1998), *aff'd sub nom. Cunningham v. Hamilton County,* 527 U.S. 198, 119 S. Ct. 1915 (1999), and in light of the complete "congruence of interests" between French and his counsel in challenging the Bankruptcy Court's civil contempt order, *Kordich v. Marine Clerks Association,* 715 F.2d 1392, 1393 (9th Cir. 1983); *see also Appeal of Licht & Semonoff,* 796 F.2d 564, 569 (1st Cir. 1986) (observing that "an attorney actively representing a party is not like a nonparty witness"). Since the Appellant attorneys and law firm apparently continue to represent trustee French in the bankruptcy proceedings, there is no evident reason why they should be permitted to go forward with their challenge to the Bankruptcy Court's civil contempt order while French's challenge to the very same order awaits the entry of a final judgment.

Next, the courts have found that a civil contempt order may be immediately appealable if coupled with a challenge to "the validity of the underlying order or injunction" giving rise to the finding of contempt, at least so long as the underlying order is itself appealable as of right. *See Blaylock,* 547 F.2d at 965; *see also Joy & Middlebelt Sunoco,* 179 F. App'x at 304; *S.E.C. v. McNamee,* 481 F.3d 451, 454 (7th Cir. 2007) ("When the disobeyed order would be independently appealable under an exception to the final-decision rule, then the contempt citation also may be appealable."). This exception is unavailing to French and his counsel, however, because they have not pursued an appeal from the underlying "stay orders" that the Bankruptcy Court found them to have violated. Nor does it help them, for jurisdictional purposes, to link their appeal of the civil contempt order to French's appeal of the order dismissing his adversary complaint,

5

given the Court's conclusion that this latter appeal must be dismissed as moot. *See Joy & Middlebelt Sunoco*, 179 F. App'x at 304 (finding that an appeal of a civil contempt order was not saved by the order's connection to an underlying preliminary injunction, where this injunction had been dissolved prior to the appeal and was no longer at issue). Rather, in this case, the Bankruptcy Court's civil contempt order must stand by itself as a basis for this Court's exercise of appellate jurisdiction, and the above-cited Sixth Circuit precedent plainly forecloses this result.

To be sure, the courts have adopted a more expansive and flexible view of "finality" in bankruptcy proceedings. *See Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Down Corning Corp.),* 86 F.3d 482, 488 (6th Cir. 1996). Even in this context, however, the courts insist that a "final" (and hence appealable) bankruptcy court ruling must resolve a "discrete dispute" — that is, one that "is essentially separable from the larger case," and that "would be final as a stand-alone suit outside of bankruptcy." *In re Gray,* No. 11-10640, 2011 WL 902733, at *3 (E.D. Mich. Mar. 15, 2011) (internal quotation marks and citations omitted); *see also In re Rimsat, Ltd.,* 212 F.3d 1039, 1044 (7th Cir. 2000). The Court cannot say that the Bankruptcy Court's civil contempt order satisfies this standard, as it is merely one ruling of many that are likely to follow as the Bankruptcy Court presides over trustee French's ongoing adversary proceeding against former trustee Shapiro. Under these circumstances, an immediate, separate appeal of the civil contempt order would result in piecemeal litigation of precisely the sort that the § 158(a)(1) requirement of "finality" is intended to

avoid.  Thus, the Court finds that the appeal from this order must be dismissed.[3]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal in the above-captioned Case No. 10-11333 is DISMISSED as moot.  IT IS FURTHER ORDERED that the appeal in the above-captioned Case No. 10-11334 is DISMISSED for lack of jurisdiction.

Dated: April 11, 2011                              s/Gerald E. Rosen
                                                              Chief Judge, United States District Court

---

[3] The Court notes that in *Mueller v. Hall (In re Parker),* No. 06-8053, 2007 WL 1376081, at *1 (B.A.P. 6th Cir. May 10, 2007), the Sixth Circuit Bankruptcy Appellate Panel held that an order finding an attorney in contempt and imposing sanctions was a "final" order under § 158(a)(1).  For a number of reasons, however, the Court elects not to follow this ruling.  First, *Mueller* is an unpublished decision that is not entitled to precedential weight.  Next, the court's ruling rested exclusively on the decision in *Wicheff v. Baumgart (In re Wicheff),* 215 B.R. 839, 843 (B.A.P. 6th Cir. 1998), which held that a civil contempt order is *not* final unless both "(1) a finding of contempt is issued, *and* (2) a sanction is imposed."  This ruling does not establish the further proposition that *In re Parker* seeks to draw from it — namely, that a civil contempt order invariably *is* final so long as these two conditions are met.  Neither does the Fifth Circuit decision relied upon in *Wicheff* stand for this proposition — again, this Fifth Circuit case holds only that a civil contempt order is *not* final unless and until the issuing court assesses any intended sanctions.  *See United States Abatement Corp. v. Mobil Exploration & Producing U.S., Inc. (In re United States Abatement Corp.),* 39 F.3d 563, 567 (5th Cir. 1994).  (Parenthetically, under this reading of § 158(a)(1), the civil contempt order in the present case was not "final" when trustee French and his counsel commenced their appeal, because the Bankruptcy Court had not yet issued its April 7 and May 24, 2010 orders assessing sanctions (in the form of attorney fees) against French and his counsel.)

Finally, even if the published decision in *Wicheff*, and the Fifth Circuit ruling upon which it relies, could be viewed as stating a rule that a civil contempt order is final once any associated sanctions have been imposed, this rule would be inconsistent with the above-cited Sixth Circuit decisions holding that civil contempt orders, standing alone, ordinarily are not "final" for purposes of appellate jurisdiction.  *See McAlpin,* 229 F.3d at 500; *Blaylock,* 547 F.2d at 965; *In re Manufacturers Trading Corp.,* 194 F.2d at 955.  This Court necessarily must follow the Sixth Circuit's rulings over any contrary decisions by the Bankruptcy Appellate Panel.

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2011, by electronic and/or ordinary mail.

                s/Ruth A. Gunther
                Case Manager